Case 4:22-cv-03412   Document 19   Filed on 03/13/24 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
March 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIKA TRACEY | § |
| *Plaintiffs* | § § § |
| v. | § CIVIL ACTION NO. 4:22-cv-3412 |
| | § § § |
| SCHWARTZ, PAGE, & HARDING L.L.P., | § § |
| *Defendant.* | § |

## ORDER

Pending before the Court is Defendant Schwartz, Page & Harding L.L.P.'s ("Defendant" or "Schwartz") Motion for Partial Summary Judgment (Doc. No. 13). Plaintiff Erika Tracey ("Plaintiff" or "Tracey") filed a Response. (Doc. No. 14). Defendant filed a Reply. (Doc. No. 15). Having considered the briefing, summary judgment evidence, and applicable law, the Court hereby GRANTS Defendant's Motion for Partial Summary Judgment. (Doc. No. 13).

### I.  Background

This case involves allegations of acts of racial discrimination committed against Plaintiff by her former employer, Defendant. Per Plaintiff's testimony in her deposition transcript, the following are undisputed material facts. (Doc. No. 13-1).

Plaintiff was interviewed by Kelly Gillis, Defendant's employee, prior to been offered a position with Defendant. Defendant, a law firm, hired Plaintiff on January 31, 2022 as a Legal Secretary. Plaintiff's Supervisor was Twyla Alletag, the office manager. Plaintiff acknowledged receiving the Employee Handbook during onboarding and acknowledged that that her employment was at-will. Plaintiff also acknowledged being aware of the EEO Policy in the Manual.

During her employment, Plaintiff complained of hostile work environment that was created by Paralegal Ms. Kathy Edwards. Plaintiff admitted that neither Edwards nor any other of Defendant's employees ever made a derogatory racial remark or expression or sent her any derogatory pictures or emails. Instead, Plaintiff claimed that Edwards subjected her to a hostile work environment because she was treated differently from the other Legal Assistants who were either Caucasian or Hispanic. Plaintiff concedes, though, that there was one other African American Legal Assistant and one other African American Paralegal. She admits that she never witnessed Edwards treating them differently.

Plaintiff claims that Edwards subjected her to a hostile work environment based on her race because Edwards touched her on the back while she was not looking.[1] In her deposition, Plaintiff admitted that Edwards might have also touched non-African American individuals while she was not looking and that she cannot categorically say that this happened because of her race. Additionally, Plaintiff claims that Edwards subjected her to a hostile work environment because she singled her out in the kitchen in front of a group and told her that she was not allowed to get food until 3:00 p.m. Finally, Plaintiff claims that one time Edwards got in her face, "wagged her finger," and threatened Plaintiff that she would "do something" about her employment. (Doc. No. 13-1 at 65).

Plaintiff also alleges that Francis Staser (Office Coordinator) and Julie Kimes (Paralegal) also subjected her to hostile work environment based on her race. Plaintiff claims that, a week prior to her termination, Staser sent her an email asking her to place her work product in a place different from the other Legal Secretaries. Plaintiff claims that Kimes subjected her to a hostile

---

[1] There is a factual dispute over whether Plaintiff was wearing earbuds at the time of this incident. Plaintiff denies it, but Edwards states that this was the case. This factual dispute alone does not create an issue of material fact, but if true, would explain the need for physical contact. (Doc. No. 13, Ex. 1 at 66–69).

work environment because she was once standing in front of the refrigerator and would not move when Plaintiff politely asked her to move. Plaintiff acknowledged that at the time of her termination there were three written complaints filed against her by her coworkers. Plaintiff admitted that she never made any complaint of racial discrimination to Defendant in writing.

Plaintiff was terminated on June 27, 2022, after six months of employment. Plaintiff was terminated by Alletag and Gillis. According to Plaintiff, Alletag told her, "'Erika, you are not a good fit and you are terminated'" and Gillis told her "'[a]nd you haven't been happy for some time.'" (Doc No. 14 at 5). Plaintiff claims that her termination was discriminatory because there was a "dismissive environment" in her termination meeting and because Alletag and Gillis appeared to have already made up their minds regarding the termination prior to the meeting. (Doc. No. 13-1 at 90).

According to Defendant, during Plaintiff's scheduled vacation, Defendant found multiple tasks that Plaintiff had not performed. These unfinished tasks, in addition to poor attitude and other employees' complaints, were the reason for her termination. Defendant informed the Texas Workforce Commission ("TWC") that these were the reasons for Plaintiff's termination. Plaintiff testified that she was aware that these were the reasons given to the TWC, but that she was not informed by the firm about these reasons prior to her termination. (Doc. No. 13, Ex. 1 at 88). Plaintiff claims that these reasons are pretextual, and that that her termination was discriminatory.

Plaintiff brought this lawsuit in Texas state court alleging violations of 42 U.S.C. § 1981 for race-based discrimination. Specifically, she alleges (1) hostile work environment, (2) wrongful termination, and (3) retaliation. Defendant removed the case to federal court and now moves for summary judgment on the first two claims (hostile work environment and wrongful termination) but not the third (retaliation).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara*, 353 F.3d at 405. It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## III. Analysis

In its motion, Defendant argues that there is no genuine issue of material fact in support of Plaintiff's race-based § 1981 claims for hostile work environment and wrongful termination. Moreover, even if there were a genuine issue of material fact supporting her wrongful termination

4

claim, Defendant contends that it has offered a legitimate, nondiscriminatory reason for terminating Plaintiff and that she cannot offer any evidence that this reason is pretextual. For the reasons below, the Court agrees.

Section 1981(a) provides that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts…as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The phrase "make and enforce contracts" is defined to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

"To prevail under section 1981, the plaintiff must prove a prima facie case of intentional discrimination." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997) (citing *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)). "The plaintiff may establish a prima facie case by direct evidence or, more commonly, by circumstantial evidence of discriminatory motive." *Id.* (citations omitted). "To establish a section 1981 claim, the plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute[.]" *Id.* (citations omitted). The Fifth Circuit considers racial discrimination and retaliation claims based on Title VII and 42 U.S.C. § 1981 "under the same rubric of analysis." *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399 (5th Cir. 2021).

   a. *Hostile Work Environment*

Defendant first moves for summary judgment on Plaintiff's hostile work environment claim, arguing that there is no genuine issue of material fact supporting this claim.

For a hostile work environment claim under § 1981, a plaintiff must establish that "(1) [she] belongs to a protected class; (2) [she] was subjected to unwelcome harassment; (3) the

harassment was based on race; (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take remedial action." *Id.* at *2 (citing *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 125 (5th Cir.2011)); *see also Jones v. Bd. of Supervisors of the U. of Louisiana System*, CV 14–2304, 2015 WL 7281614, at *4 (E.D.La. Nov. 15, 2015).

To affect a term, condition, or privilege of employment, the race-based harassment must have been "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). To determine whether a work environment is "hostile," a court considers "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ramsey*, 286 F.3d at 268. The environment must have been "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so."

Harassment is sufficiently "severe or pervasive enough" to create a hostile work environment when it is "objectively hostile or abusive"—meaning "an environment that a reasonable person would find hostile or abusive"—and is subjectively perceived by the victim as abusive. *Harris*, 510 U.S. at 21. The Supreme Court has "emphasized ... that the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). The objective inquiry, moreover, requires that the court consider "all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or

6

humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23. "[N]o single factor is required." *Id.*

Furthermore, "[a]n egregious, yet isolated, incident can alter the terms, conditions, or privileges of employment and satisfy the fourth element necessary to constitute a hostile work environment." *Lauderdale v. Texas Dept. of Crim. J., Institutional Div.*, 512 F.3d 157, 163 (5th Cir. 2007) (citing *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 434–35 (5th Cir.2005)). "The inverse is also true: Frequent incidents of harassment, though not severe, can reach the level of 'pervasive,' thereby altering the terms, conditions, or privileges of employment such that a hostile work environment exists." *Id.*

Here, Defendant argues that Plaintiff cannot establish a *prima facie* case of hostile work environment as a matter of law. First, Plaintiff has not shown any egregious yet isolated incident. Rather, she contends that a handful of incidents constitute a hostile work environment. These incidents include: (1) Edwards touched Plaintiff on the back while she was not looking, (2) Edwards singled Plaintiff out in the kitchen and told her she was not allowed to get food until 3:00 p.m., (3) Staser asked Plaintiff to place her work product in a different place from the other Legal Secretaries, (4) Kimes was ones standing in front of the refrigerator and would not move when Plaintiff asked her to, and (5) Edwards wagged her finger in her face and threatened to do something. Defendant maintains that Plaintiff has not offered any evidence that the alleged incidents happened because of her race, as is required to make a *prima facie* case under § 1981. For example, Plaintiff admitted that she never witnessed the other two African American employees subjected to a hostile work environment.

Moreover, Defendant contends that Plaintiff cannot prove another element of her claim—that the harassment was "severe or pervasive enough" to create a hostile work environment such

7

that it is "objectively hostile or abusive." Even if the above instances were race related, Defendant argues that a handful of isolated workplace incidents cannot be objectively severe or pervasive enough to affect any conditions of her employment.

Plaintiff responds in a six-page brief accompanied by two pieces of summary judgment evidence—a sworn affidavit by Plaintiff and Plaintiff's employee acknowledgment form. When addressing Defendant's arguments related to hostile work environment, Plaintiff argues that "Tracey has raised a genuine issue of fact as to her racially hostile work environment and race discrimination created by Kathy Edwards and the threat she made against Plaintiff." (Doc. No. 14 at 5). Plaintiff does not identify the elements of a hostile work environment claim, nor does she set out evidence supporting the cause of action. She does not present evidence that these five instances were racially motivated, nor does she provide evidence that they were severe and pervasive enough to interfere with the conditions of her employment.

Upon examining the relevant law, briefings, and limited summary judgment evidence, the Court finds that Plaintiff cannot make a *prima facie* case for hostile work environment under § 1981. She has not presented evidence that these instances were racially motivated or that they were "severe or pervasive enough" to create an objectively hostile or abusive environment. Rather, Plaintiff's allegations demonstrate a handful of potentially unpleasant encounters with coworkers at her workplace. These five instances, over the course of six months, do not raise a fact issue to show that Plaintiff was subjected to an objectively hostile or abusive environment due to her race. Accordingly, the Court hereby GRANTS Defendant's motion on Plaintiff's § 1981 claims for hostile work environment.

### b. *Wrongful Termination*

Next, Defendant moves for summary judgment on Plaintiff's wrongful termination claim, arguing that there is no genuine issue of material fact supporting this claim.

As noted above, to succeed on a § 1981 claim, intentional discrimination must be demonstrated. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

To prove a *prima facie* case of Section 1981 racial discrimination against an employer, a plaintiff must establish that: (1) she is a member of a protected class; (2) she was qualified for the position held; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside her protected class or was otherwise treated worse than similarly situated individuals outside of her protected class. *Id.* Once the plaintiff has established a *prima facie* case of discrimination, "[t]he burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). Once the employer provides sufficient evidence to meet this burden, the plaintiff must show that he or she was "the victim of intentional discrimination by showing that the employer's proffered explanation is unworthy of credence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000).

The Supreme Court of the United States, in *Comcast Corp. v. National Association of African-American Owned Media*, 140 S. Ct. 1009 (2020), ruled that a plaintiff who alleges race discrimination under 42 U.S.C. § 1981 must plead, and has the ultimate burden to show, that race was a *but-for* cause of the plaintiff's injury. This *but-for* standard replaced the previous standard, under which the plaintiff only bore the burden of showing that race was a "motivating factor" in the defendant's actions. *See Nat'l Ass'n of African Am.-Owned Media v. Charter Communications, Inc.*, 915 F.3d 617 (9th Cir. 2019).

Here, Defendant argues that Plaintiff cannot establish a *prima facie* case of wrongful termination as a matter of law. Defendant notes that Plaintiff was aware that her employment was at will. Defendant argues that Plaintiff's assertion that her termination was wrongful—because there was a "dismissive environment" during her termination meeting and because Alletag and Gillis had already made up their minds about terminating her—is insufficient to raise a fact issue that Plaintiff's race was a *but-for* cause of her injury. Defendant argues that "[b]ased on the undisputed facts, Plaintiff will be unable to prove that Defendant would have acted differently if it ***were not for*** the Plaintiff's race." (Doc. No. 13 at 14).

Plaintiff's response is minimal. She does not engage the Supreme Court's *but-for* standard set out in *Comcast*. She vaguely argues that "Edwards subjected Tracey to discrimination and intimidation because Plaintiff was an African American. Edwards was white and no other legal secretary in Tracey's work group was African American." (Doc. No. 14 at 5). These conclusory arguments, unsupported by evidence, fail to raise a fact issue that Defendant intentionally discriminated against Plaintiff. Plaintiff acknowledged that no employee of Defendant ever made a racial remark or expression. (Doc. No. 13-1 at 70). Moreover, Plaintiff fails to raise a fact issue on two other elements of her cause of action. First, she does not identify a similarly situated individual, not in her protected class, who was treated differently than her. Second, she does not argue, or present any evidence, that she was qualified for the position she held. Without any evidence that raise a fact issue as to two different elements of a § 1981 claim, the Court agrees with Defendant that Plaintiff has failed to raise a genuine issue of material fact to defeat summary judgment. Defendant's motion is hereby GRANTED as to Plaintiff's § 1981 claim for wrongful termination.

*c. Pretext*

Finally, even if Plaintiff could raise a fact issue as to a *prima facie* case of discriminatory termination (which she has not), Defendant moves for summary judgment on the claim because it has offered a legitimate, nondiscriminatory reason for her termination, and Plaintiff cannot provide any evidence that this reason was pretextual.

Claims of discrimination based on circumstantial evidence under Title VII and § 1981 are governed by the *McDonnell Douglas* burden-shifting framework. *See Assariathu v. Lone Star Health Mgmt. Assocs., L.P.*, 516 Fed. App'x 315, 318–19 (5th Cir. 2013); *Morris v. Town of Indep.*, 827 F.3d 396, 400 (5th Cir. 2016). Under this three-part analysis, an employee must first set forth a *prima facie* case of discrimination, after which the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for its decision. *Assariathu,* 516 Fed. App'x at 319. The presumption of discrimination disappears if the employer presents a nondiscriminatory reason, and the employee must present evidence that the employer's proffered reason was mere pretext for discrimination. *Morris*, 827 F.3d at 400. Additionally, for § 1981 claims, an employee "must prove discriminatory intent." *Mason v. United Air Lines, Inc.*, 274 F.3d 314, 318 (5th Cir. 2001) If a plaintiff cannot meet their burden in establishing a *prima facie* case of discrimination, the Court need not reach the subsequent burden-shifting analysis under *McDonnell Douglas.*

As noted above, Plaintiff has not raised a genuine issue of material fact supporting a *prima facie* case for discriminatory termination. That being the case, the Court need not address whether Plaintiff's performance issues and poor attitude (the nondiscriminatory explanation offered by Defendants for terminating her) were pretextual. Nevertheless, the Court will address her various arguments. After reviewing the briefings, evidence, and relevant case law, the Court finds that had

Plaintiff raised a fact issue supporting her *prima facie* case, the Court also grants Defendant's motion on pretext for the following reasons.

Plaintiff's sole argument on the issue of pretext is as follows: "Alletag and Gillis are white and Alletag issued the classic pretext reason for terminating Tracey when she stated: 'Erika, you are not a good fit and you are terminated.'" (Doc No. 14 at 5). Plaintiff's only "evidence" to defeat summary judgment is an affidavit, in which she does not mention pretext. Plaintiff merely states that a statement made during her termination, suggesting that she had not been happy for some time, was "patently false."

The Court finds that Plaintiff's conclusory allegations, alone, are insufficient to raise a genuine issue of fact for pretext. Her speculation cannot "offset[] [Defendants'] well-supported explanation for [Plaintiff's] termination." *See Myers v. Michelin N. Am., Inc.,* 208 F.3d 1007 (5th Cir. 2000*); Taylor v. Peerless Indus. Inc.*, 322 Fed. Appx. 355, 361, 365, 367–68 (5th Cir. 2009) (employer explained that Plaintiff was terminated for his ineffective sales performance, and the employee's evidence "that four employees in customer service department were fired or resigned" under his supervisor did not show "that discriminatory animus also played a role in the decision"). Plaintiff failed to provide any competent summary judgment evidence raising a fact issue on pretext. As noted above, the only "evidence" she produced is a three-page affidavit signed by Plaintiff that reiterates the allegations in her complaint; it does not mention pretext. Therefore, because Plaintiff failed to meet her burden of showing that Defendant's legitimate reason for terminating her was pretextual, the Court hereby GRANTS Defendant's motion on this issue as well.

## IV. Conclusion

For the reasons above, the Court hereby GRANTS Defendant's Motion for Partial Summary Judgment. (Doc. No. 13). Plaintiff failed to raise a genuine issue of material fact for her § 1981 racial discrimination claims for hostile work environment and wrongful termination. Nevertheless, Plaintiff's § 1981 retaliation claim remains in this matter.

Signed at Houston, Texas, this 13th day of March, 2024.

Andrew S. Hanen
United States District Judge